# BELKNAP,

## DECEMBER TERM, A. D. 1846.

---

## HOITT *v.* BURLEIGH et a.

A party to a bill in equity has a constitutional right to require a trial by jury, of a contested matter of fact, if he asserts that right at a proper stage of the cause.

The right is not to be asserted by plea.

After the answer is in, and the replication filed, the court can ascertain and determine what matters are in controversy, and cause the proper issues to be framed; which is done on motion.

If a party exercises his constitutional right to require a trial by jury, it should be after the replication and before the taking of the testimony. But the court for sufficient reasons may cause issues to be framed after the testimony is taken.

A supplemental bill opens the case to a further answer and to further evidence. And in such case, a motion for issues, to be tried by the jury, is in order after the coming in of the answer to the supplemental bill.

IN EQUITY. Motion by the defendant for issues upon certain contested matters of fact to be tried by the jury.

*Hazelton & Bell*, for the defendant.

*Perley*, for the plaintiff. If the party claims his right to a trial by jury, he should have it under the ordinary rules of the common law. The case should be tried upon evidence to be adduced, and the party should not be entitled to the benefit of his answer as evidence.

PARKER, C. J. We have settled that a party to a bill in equity has a constitutional right to require a trial by

jury, of a contested matter of fact, if he asserts that right at the proper stage of the cause. 9 N. H. Rep. 349, *Marston* v. *Brackett.*

This right is not to be asserted by plea, as that might interfere with the plaintiff's right to require an answer, which is also a legal right. After the answer is in, and a replication filed, the court can ascertain and determine what matters are in controversy, and cause the proper issues to be framed. That is a proper stage of the cause, and a motion is the proper form in which to bring the question before the court.

If the party exercises his constitutional right to require a trial by jury, it should be after the replication, and before the taking of the testimony.

But the court, for sufficient reasons, may cause issues to be framed after the evidence has been taken. The court may direct this to be done upon its own motion. 11 N. H. Rep. 334, *Tappan* v. *Evans.*

This case was submitted to the determination of the court, and on the delivery of an opinion the plaintiff moved for leave to file a supplemental bill. The supplemental bill opened the case to a further answer, and to further evidence. No decree had been entered, and although the evidence already taken relates, to some extent, to the matter alleged in the supplemental bill, yet either of the parties must have the right to take further evidence on that. They cannot be precluded from so doing by the fact that some evidence had been previously taken on that point, when the allegations in the bill were not such that the court could base a decree upon that evidence. The case, therefore, stands in the proper stage for taking testimony, and it is, of course, at the proper stage for the party to claim his constitutional right.

Order: — That issues be made up by the court to be tried by the jury; that the answer of the defendant Burleigh may be used as evidence in the same manner that it

would be evidence on a hearing before the court; that the testimony already taken may be used upon the trial, so far as it is competent evidence, and that the parties have liberty to introduce other testimony. Either party may call the defendant Robinson, who appears to have no interest, as a witness in the cause.